IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAORE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-06077 |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| PROGRESSIVE INSURANCE COMPANY, | ) | |
| ALLSTATE INSURANCE COMPANY, and | ) | |
| JOHN/JANE DOE AGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

AND NOW, comes the Defendant, American Strategic Insurance Corp (incorrectly captioned as "Progressive Insurance Company") ("ASI"), by and through its attorneys, GORDON REES SCULLY MANSUKHANI LLP, and files the within Brief in Opposition to Plaintiff's Motion to Remand:

## I.    INTRODUCTION

A ruling on Plaintiff's Motion to Remand requires consideration and determination of only two issues: (1) whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) whether there is complete diversity of the Parties. Plaintiff's Motion and Brief(s) nevertheless contain a multitude of legal-sounding arguments and pronouncements, including invocations of "trust principles," "fiduciary maxims," and even ecclesiastical canon law, all of which are, to varying degrees, irrelevant. None of the arguments raised in Plaintiff's Motion demonstrate that removal was improper.

Plaintiff cannot reasonably dispute that the amount he is demanding from Defendants in the Complaint, $200,000.00 <u>plus a whopping $60 million in punitive damages</u>, exceeds

$75,000.00. As to diversity of the Parties, Plaintiff confuses citizenship with minimum contacts and cites irrelevant legal authority that is not applicable to this matter and should be disregarded.

Accordingly, both requirements for diversity jurisdiction have been satisfied, and Plaintiff's legally meritless Motion to Remand should be denied.

## II.    BACKGROUND

This action arises from Plaintiff allegedly obtaining a civil judgment of $200,000.00 "for property damage caused by Defendants' insureds." ECF No. 1-1 ¶ 11. Plaintiff then allegedly demanded payment from various insurers, including ASI. Id. ¶ 12. Plaintiff filed this action in the Court of Common Pleas of Philadelphia County, vaguely alleging that the insurers' responses to his demands were improper. See ECF No. 1-1. ASI removed this matter to this Court on October 24, 2025 pursuant to 28 U.S.C. § 1332. See ECF No. 1. A week later, ASI and Allstate filed Motions to Dismiss Plaintiff's meritless claims against them. See ECF Nos. 4, 5, 6.

Plaintiff now moves to remand the case back to the Court of Common Pleas of Philadelphia County. See ECF No. 10. For the reasons that follow, Plaintiff's Motion should be denied.

## III.    STANDARD OF REVIEW

28 U.S.C. § 1332 provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between:
>
>> (1) citizens of different States;
>>
>> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>>
>> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441. Civil defendants may do this by:

> [F]il[ing] in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.S. § 1446.

The removing party bears the burden of showing that the case was properly removed. *See Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 369 (3d Cir. 2004). However, this "inquiry involves 'minimal scrutiny' of the plaintiff's claims without consideration of the 'legal sufficiency of those claims or whether the legal theory advanced by the plaintiffs is probably unsound.'" *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, Inc., 2012 WL 2050923 at * 2 (M.D.Pa. Jun. 7, 2012) (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

## IV.     ARGUMENT

**A.     The purported lack of a federal question does not prevent removal in this diversity case.**

Initially, Plaintiff argues, as a basis for remand, that this action "arises exclusively under state law" and that "no federal question exists." ECF No. 10 at 1 (emphasis omitted, here and elsewhere below). While this might be accurate, it is nevertheless irrelevant and does not support remand. Progressive did not remove this action on the basis of federal question jurisdiction. Rather,

Progressive removed this matter on the basis of diversity jurisdiction under 28 U.S.C. § 1332. See ECF No. 1. Plaintiff's argument that Progressive removing this matter is a purported attempt to avoid the application of state law is both factually and legally without merit. No such attempt is being made by Progressive because substantive state law applies in diversity cases. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Accordingly, all of Plaintiff's argument regarding federal question jurisdiction should be disregarded as irrelevant and his Motion to Remand should be denied in this regard.

**B.      The amount in controversy exceeds $75,000.00 exclusive of interest and costs.**

Plaintiff argues in his papers that the purported underlying judgment of $200,000.00 "is final and no longer 'in controversy.'" ECF No. 10-1 at 3. This argument ignores that Defendants have allegedly denied any obligation to pay that amount to Plaintiff, and he has filed a lawsuit against Defendants demanding same. See generally, ECF No. 1-1. Regardless of whether the amount is "in controversy" in Plaintiff's action against the alleged insureds, *this* is a different action, against different defendants, and the amount is certainly "in controversy" in *this* action. Further, Plaintiff simply ignores that he is demanding a total of $60 million from the insurer Defendants. See ECF No. 1-1, Prayer for Relief (demanding "$20,000,000 per Defendant" in punitive damages). While he argues "that sum arises solely under Pennsylvania and New Jersey law," again, this is irrelevant to the issue of removal under Section 1332. See supra, Section IV.A. Plaintiff's argument that "[t]he amount in controversy […] has no jurisdictional significance" flies in the face of the most fundamental aspects of diversity jurisdiction, and should be disregarded. The amount in controversy requirement has been satisfied.

**C.      There is complete diversity of the Parties.**

Plaintiff next argues that "complete diversity is lacking because all Defendants are

4

licensed, registered, and doing business in Pennsylvania." ECF No. 10 at 1. Again, while it is broadly an accurate statement that Progressive, Allstate, and State Farm are authorized to conduct business in Pennsylvania, Plaintiff's argument is simply irrelevant to the issue, and misapprehends the rules of federal diversity jurisdiction, confusing them with the rules for finding "minimum contacts" for purposes of personal jurisdiction.

Section 1332 provides, in the case of a corporate party (as here), that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Plaintiff does not allege in the Complaint that Defendants are incorporated in Pennsylvania, or that they have their principal places of business in Pennsylvania. He simply pleads that Defendants are each "an insurance carrier doing business in Pennsylvania and New Jersey." See ECF No. 1-1, Complaint ¶¶ 4-6. While businesses operating in Pennsylvania may have sufficient "minimum contacts" such that Pennsylvania courts *may* exercise jurisdiction over them, this does not make them *citizens* of Pennsylvania. Plaintiff fails to appreciate the difference between these two distinctions. *See Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 460 (E.D.Pa. 2019) ("Just because a corporate maintains some limited operations in Pennsylvania, it does not follow that the company's principal pace of business is also necessarily in Pennsylvania, even if the company is being sued for conduct arising from those Pennsylvania operations."). The exact same argument proffered by Plaintiff on this issue was rejected just last month by the Middle District. See Weir v. Progressive Advanced Ins. Co., No. 3:25-654, 2025 WL 2990661 at * 3 (M.D.Pa. Oct. 23, 2025) (Saporito, D.J.).

In his Brief, Plaintiff argues that "[w]here insurers maintain claim offices, adjusters, and licenses in Pennsylvania, courts have repeatedly held diversity is defeated." ECF No. 10 at 3.

Though Plaintiff asserts that multiple "courts" have "repeatedly" held in favor of this proposition, he only provides a single citation: Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015). See id. This case does not apply and does not support Plaintiff's proposition.

In Lincoln Benefit, the plaintiff named as defendants "two LLCs that were the record owners and beneficiaries of the [subject] policies: AEI Life, LLC and ALS Capital Ventures, LLC." Lincoln Benefit, 800 F.3d at 103. The Third Circuit explained:

> [U]nlike corporations, unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute." Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." The state of organization and the principal place of business of an unincorporated association are legally irrelevant. "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side.

Id. at 104-05. The issue in Lincoln Benefit was that the plaintiff had failed to specifically allege the citizenship of each member of the LLCs, and the District Court had dismissed the case for lack of subject matter jurisdiction on this basis. See id. at 103-04. The Third Circuit reversed and remanded the case, holding that dismissal was improper because it was sufficient for the plaintiff to allege diversity in good faith based on the information available to it at the time the Complaint was filed, and that to the extent a factual challenge to jurisdiction was made, the District Court must retain jurisdiction and permit "jurisdictional discovery in order to ascertain whether complete diversity exists." Id. at 111.

The holding of Lincoln Benefit has nothing to do with the matter before this Court. There are no unincorporated associations involved in this lawsuit. The citizenship rules at issue in Lincoln Benefit have no application or relevance to this matter. In reviewing the decision, there is not even a tangential discussion of diversity, or lack thereof, in the context of "insurers maintain[ing] claim offices, adjusters, and licenses in Pennsylvania." See generally, Lincoln

Benefit. Plaintiff's argument here, and his inapplicable and irrelevant legal citation in support, should be disregarded.

Plaintiff has neither pleaded nor evidenced any argument that any of the named Defendants are incorporated or have their principal place of business in Pennsylvania. To the contrary, none are citizens of Pennsylvania and complete diversity exists.

In his supplemental Brief, Plaintiff argues that certain alleged claims adjusters and/or insurance agents are "individually named defendants" and that "the presence of these real, identifiable, licensed individuals destroys diversity." ECF No. 10-1 at 3. First, the assertion that these individuals are "individually named defendants" in this matter is simply false. Plaintiff has not named any of these individuals as defendants. See ECF No. 1-1, Caption. He has sued "John/Jane Doe Agents." Id. As noted in ASI's Notice of Removal, under 28 U.S.C. § 1441(b)(1) the citizenship of "John/Jane Does Agents" is disregarded for purposes of removal. See ECF No. 1 ¶ 21. Second, even if Plaintiff *had* named these individuals as defendants and alleged that they are Pennsylvania citizens (which he has not), he has not served any of them with the pleadings or otherwise put them on notice of the purported claims against them as individuals. In Encompass Ins. Co. v. Stone Mansion Restaurant Inc., the Third Circuit "conclude[d] that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship *only* when the defendant has been *properly joined and served*." 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added); see also Vandine v. Summit Treestands LLC, No. 23-0027, 2023 WL 2285811 at * 2 (E.D.Pa. Feb 28, 2023) (Beetlestone, D.J.); Sackie v. Downey, No. 20-5298, 2020 WL 14047765 at * 1, n. 1 (E.D.Pa. Nov. 19, 2020) (Jones, D.J.). Accordingly, the presence in the Complaint of the names of some alleged claims adjusters and/or insurance agents, none of which have been alleged to be citizen of Pennsylvania, named as

defendants, or served with the pleadings, does not prevent removal. Plaintiff's Motion to Remand should be denied.

**D.     Plaintiff proffers no other legally meritorious arguments in favor of remand.**

Plaintiff's Motion and Briefs are otherwise littered with, *inter alia*, irrelevant pronouncements of "trust principles," "equitable" and "fiduciary maxims," invocations of ecclesiastical canon law, and irrelevant and inapplicable appeals to the doctrines of *res judicata* and *stare decisis*. See generally, ECF Nos. 10, 10-1. Nothing in this grab-bag of legalese demonstrates that removal was improper, and all of it should be disregarded.

## V.     CONCLUSION

For the foregoing reasons, Defendant American Strategic Insurance Corp (incorrectly captioned as "Progressive Insurance Company"), respectfully requests that this Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI LLP


By: */s/Daniel J. Twilla*
Daniel J. Twilla, Esq.
E: dtwilla@grsm.com
P: (412) 625-2694
Kevin D. Huber, Esq.
E: khuber@grsm.com
P: (412) 552-1917
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
*Co-Counsel for Defendant American Strategic Insurance Corp (incorrectly captioned as "Progressive Insurance Company")*