IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALICK-FARDY B. TRAORE,<br><br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, et al.,<br><br>　　　　　　*Defendants.* | CIVIL ACTION<br>NO. 25-6077 |

**Pappert, J.**                                                              **January 5, 2026**

**<u>MEMORANDUM</u>**

　　*Pro se* plaintiff Malick-Fardy B. Traore sued three insurance companies alleging a host of state-law claims.  State Farm Fire and Casualty Company, American Strategic Insurance Corporation and Allstate Vehicle and Property Insurance Company now move to dismiss his Complaint.[1]  The Court grants their motions but allows Traore to amend some of his claims.

I

　　Traore allegedly obtained a default judgment of $200,000 in state court for property damage caused by insureds of State Farm and/or American Strategic.  (Compl. ¶¶ 1, 11, Dkt. No. 1-1); (Certification of J. at 20, Dkt. No. 1-1.)  The property damage "arose from unfinished, negligently performed, and abandoned work."  (Compl. ¶ 15.)  Traore says he notified State Farm and American Strategic—and his "own carrier,"

---

[1]　　Traore formally sued State Farm Insurance Company, Progressive Insurance Company and Allstate Insurance Company.  (Compl. ¶¶ 4–6, Dkt. No. 1-1.)  But the defendants have since clarified their proper names: State Farm Fire and Casualty Company, American Strategic Insurance Corporation and Allstate Vehicle and Property Insurance Company.  *See* (State Farm Fire and Cas. Co. Mot. to Dismiss at 1, Dkt. No. 14); (Am. Strategic Ins. Mot. to Dismiss at 1, Dkt. No. 4); (Allstate Vehicle and Prop. Ins. Mot. to Dismiss at 4, Dkt. No. 6).

1

Allstate—of his judgment and demanded payment, but received nothing.  (*Id.* ¶¶ 6, 12–15.)  State Farm denied coverage citing a policy exclusion for "business purpose[s]," (*id.* ¶ 13), American Strategic "engaged in delay tactics, refusing to confirm or deny whether [its] insureds were covered," (*id.* ¶ 14), and Allstate denied payment citing an exclusion for "workman's craft/business pursuits," (*id.* ¶ 15).

On the basis of these allegations, Traore sued State Farm, American Strategic and Allstate in the Court of Common Pleas in Philadelphia, asserting several claims under Pennsylvania and New Jersey law.  (*Id.* ¶¶ 1–43.)  After the defendants jointly removed the lawsuit to this Court, (Notice of Removal at 1–7, Dkt. No. 1),[2] each moved to dismiss Traore's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II

The Court assesses the sufficiency of a pleading before discovery under Federal Civil Rules 8 and 12.  Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  *Id.* 12(b)(6).  Taken together, the two rules require the plaintiff to allege sufficient "facts to state a claim to relief that

---

[2]    Traore moved to remand the case back to state court for want of subject matter jurisdiction.  (Pl.'s Mot. to Remand at 1–10, Dkt. No. 10.)  The Court denies his motion.  Federal courts have "original jurisdiction of all civil actions . . . between citizens of different States" when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  To satisfy this rule, complete diversity between all plaintiffs and all defendants is required; no plaintiff can be a citizen of the same State as any defendant.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Here, complete diversity exists.  Traore is a citizen of Pennsylvania; State Farm is a citizen of Illinois, American Strategic is a citizen of Indiana and Florida and Allstate is a citizen of Delaware and Illinois.  *See* (Compl. ¶ 3); (Notice of Removal ¶¶ 9, 13, 18).  And the amount in controversy exceeds $75,000.  (Compl. at 6) (asserting more than $200,000 in damages.)  In response, Traore argues that each of the defendants are registered to do business in Pennsylvania.  But that fact, alone, has no bearing on whether the defendants are *citizens* of Pennsylvania.  28 U.S.C. § 1332(c)(1) (explaining a corporation is a citizen of every State where it is incorporated and has its principal place of business).

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010).  The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682.  Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted). In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them.  *Connelly*, 809 F.3d at 786 n.2.  Because Traore is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

III

A

Traore first alleges bad faith.  Under Pennsylvania law, a plaintiff may recover certain damages "[i]n an action arising under an insurance policy" if "the insurer has acted in bad faith toward the insured."  42 Pa. Stat. and Cons. Stat. Ann. § 8371.

As an initial matter, Traore fails to show he is an "insured" of either State Farm or American Strategic.[3]  An insurance company's obligation to act in "good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant." *Strutz v. State Farm Mut. Ins.*, 609 A.2d 569, 571 (Pa. Super. Ct. 1992).  Thus, to bring a bad faith claim against an insurer, a plaintiff must first show he qualifies as an "insured" under a policy.  *Seasor v. Liberty Mut. Ins.*, 941 F. Supp. 488, 491 (E.D. Pa. 1996); *see also Klinger v. State Farm Mut. Ins.*, 895 F. Supp. 709, 715 (M.D. Pa. 1995).  An "insured" is a person "covered or protected by an insurance policy."  *Insured*, Black's Law Dictionary (12th ed. 2024).  Traore fails to allege any facts to show he is covered or protected by a State Farm or American Strategic policy.  He attaches no policy to his Complaint, nor does he make any allegations regarding who is covered or protected by those companies.  Traore, moreover, fails to allege any facts which could show he is a third-party beneficiary of any policies issued by State Farm or American Strategic.  *See Richard v. Fin. of Am. Mortgs., LLC*, No. 18-CV-559, 2019 WL 1980693, at *5 (M.D. Pa. May 3, 2019) (explaining third-party beneficiary status provides an "avenue" for a

---

[3]    Under the heading "Parties" in his Complaint, Traore asserts that Allstate was his "own carrier."  (Compl. ¶ 6.)  This allegation, by itself, is so conclusory and unspecific the Court is unable to determine whether Traore has an insurance policy with Allstate.  But Allstate apparently concedes it has some kind of policy with Traore.  *See, e.g.*, (Allstate Vehicle and Prop. Ins. Mot. to Dismiss at 24–25).  The Court will, therefore, assume that Traore is an insured of Allstate.

4

plaintiff to bring a bad faith claim under Pennsylvania law); *Davis v. AMCO Ins.*, No. 24-CV-00632, 2024 WL 4592998, at *6 (M.D. Pa. Oct. 28, 2024) (explaining a third-party beneficiary may recover for bad faith under Pennsylvania law).

Even if Traore is an insured of the defendants, he fails to show they acted in "bad faith." To do so, he must allege the defendants had no "reasonable basis" for denying his claim. *O'Donnell ex rel. Mitro v. Allstate Ins.*, 734 A.2d 901, 906 (Pa. Super. Ct. 1999) (internal quotation marks and citation omitted). Traore says the defendants "acted in bad faith by denying or delaying payment without [a] reasonable basis." (Compl. ¶ 20); (*id.* ¶¶ 13–15.) But that just regurgitates the bad faith standard, failing to state a claim for relief. *Bell Atl. Corp.*, 550 U.S. at 555 (explaining a "formulaic recitation of the elements of a cause of action" does not suffice at the motion-to-dismiss stage). Traore's allegations that the defendants improperly denied payment, or delayed in evaluating his claim, do not change the calculus. "[N]egligence or bad judgment is not bad faith." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citation omitted).

## B

Traore next alleges violations of Pennsylvania's Unfair Insurance Practices Act and Unfair Settlement Practices Regulations. But "there is no private cause of action under the UIPA or the Unfair Claims Settlement Practices Regulations." *Smith v. Nationwide Mut. Fire Ins.*, 935 F. Supp. 616, 620 (W.D. Pa. 1996); *see also Cresswell v. Pa. Nat'l Mut. Cas. Ins.*, 820 A.2d 172, 180 n.4 (Pa. Super. Ct. 2003) (noting the "UIPA does not create a private cause of action"); *Albert v. Erie Ins. Exch.*, 65 A.3d 923, 931

(Pa. Super. Ct. 2013) (noting the Unfair Settlement Practices "regulations promulgated" in 31 Pa. Code § 146 "do not create a private cause of action").

C

Traore also alleges violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.  That statute "aims to protect the consumers of the Commonwealth against fraud and unfair or deceptive business practices." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1023 (Pa. 2018).  To state a claim, Traore must first show he "purchase[d] goods or services" primarily for personal or household purposes from the defendants.  *Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins.*, 40 F.3d 63, 65 (3d Cir. 1994); *see also Chavanne v. Second Look, Inc.*, 594 F. Supp. 3d 662, 669–70 (E.D. Pa. 2022); 73 Pa. Cons. Stat. § 201-9.2.  He must next show he "justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."  *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 439 (Pa. 2004).

To begin, Traore alleges no facts to suggest he purchased goods or services from State Farm or American Strategic.  Next, he makes no effort to allege justifiable reliance.  He says only State Farm, American Strategic and Allstate "engaged in deceptive and unfair practices in their handling of [his] claims."  (Compl. ¶ 26.)  But without any allegations describing the defendants' deceptive and unfair business practices, the Court cannot determine whether Traore justifiably relied on their wrongful conduct and suffered harm as a result.

6

D

Traore next alleges State Farm and American Strategic violated New Jersey's Consumer Fraud Act.  To state a claim, he must show (1) the defendants engaged in unlawful conduct, (2) he suffered a loss and (3) a relationship between the defendants' conduct and his loss.  *Hoffman v. Hampshire Labs, Inc.*, 963 A.2d 849, 854 (N.J. Super. Ct. App. Div. 2009).  Traore alleges only that "[t]o the extent conduct arose from New Jersey-based insured and adjusters, State Farm and [American Strategic] violated the New Jersey Consumer Fraud Act."  (Compl. ¶ 29.)  But this allegation is conclusory, failing to state a claim for relief.  *See, e.g.*, *Rusciano v. Atlantic City*, No. 19-20922, 2021 WL 1138151, at *2 (D.N.J. Mar. 24, 2021) (explaining a "vague and conclusory statement[]" that a defendant has "violated the law" fails to state a claim).

E

Traore next alleges unjust enrichment under Pennsylvania law.  To plead such a claim, he must show (1) he conferred a benefit on the defendants and (2) the defendants' acceptance and retention of the benefit would be inequitable.  *Liberty Mut. Grp., Inc. v. 700 Pharmacy, LLC*, 270 A.3d 537, 554 (Pa. Super. Ct. 2022); *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 229 (3d Cir. 2022).  Traore alleges he "conferred a benefit, which Defendants knowingly retained without legal justification." (Compl. ¶ 33.)  But again, this "formulaic recitation of [the] cause of action's elements will not do."  *Bell Atl. Corp.*, 550 U.S. at 545.

F

Finally, Traore alleges negligence under Pennsylvania law.  To plead such a claim, he must show (1) duty, (2) breach, (3) injury and (4) damages.  *Martin v. Evans*,

711 A.2d 458, 502 (Pa. 1998).  Traore makes no effort to establish these elements, alleging only that the defendants "negligently mishandled" his claims "exposing their personal errors and omissions," whatever that means.  (Compl. ¶ 36.)

IV

A court should grant a plaintiff leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But a court need not do so when amendment would be futile or inequitable.  *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018).  Amendment is futile if no new facts could fix the original complaint's problems.  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  And amendment is inequitable if the plaintiff unduly delays, shows bad faith, or if amendment would unfairly prejudice the defendant.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

It would be futile for Traore to amend his claims under Pennsylvania's Unfair Insurance Practices Act and Unfair Settlement Practices Regulations because these provisions do not allow for a private cause of action.  But the Court cannot say it would be futile for him to amend his other claims.  Nor can the Court conclude that amendment for these claims would be inequitable.  Traore may amend his Complaint, consistent with the accompanying Order.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

8